UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, D/B/A MR. COOPER<br><br>Plaintiff,<br><br>-against-<br><br>MCCABE WEISBERG & CONWAY, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Nationstar Mortgage, LLC d/b/a Mr. Cooper, by and through its attorneys, Akerman LLP, does hereby allege the following:

—NATURE OF ACTION—

1. Nationstar seeks to recover money damages for injuries suffered as a consequence of Defendant's professional negligence, specifically legal malpractice.

—PARTIES—

2. Nationstar Mortgage, LLC d/b/a Mr. Cooper is a Delaware limited liability company. Its members are Nationstar Sub1 LLC (**Sub1**) and Nationstar2 LLC (**Sub2**). Both Sub1 and Sub 2 are Delaware limited liability companies. Sub1 and Sub2 are both wholly-owned by Nationstar Mortgage Holdings, Inc. (NSM). NSM is a corporation formed pursuant to the laws of the State of Delaware with its principal place of business located in Lewisville, Texas. Nationstar is a citizen of the States of Delaware and Texas for purposes of diversity of citizenship.

3. Defendant McCabe Weisberg & Conway, LLC (**McCabe Weisberg**) is a professional corporation organized under the laws of Pennsylvania. Upon information and belief, the members of McCabe Weisberg are not citizens of Texas.

43245130;1

## —JURISDICTION & VENUE—

4. The Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00, because the mortgage sought to be foreclosed had an unpaid principal balance of $501,692.96.

5. Venue is proper pursuant to 28 U.S.C. §1391 because the property secured by the mortgage sought to be foreclosed is located in this District and a substantial part of the events and omissions given rise to the instant action occurred in this District.

## —FACTUAL ALLEGATION COMMON TO ALL COUNTS—

6. Nationstar retained McCabe Weisberg (technically the predecessor company McCabe, Weisberg, and Conway, P.C., which has merged into McCabe Weisberg) to provide legal services in connection the foreclosure of mortgage loans in New York under a relevant written agreement with McCabe Weisberg (the **"Agreement"**).

7. Nationstar and McCabe Weisberg entered into the Agreement on or about January 1, 2011, and the Agreement remained in place at all relevant times.

8. Under the Agreement, McCabe Weisberg represented to Nationstar it had expertise in conducting mortgage foreclosure actions and the necessary expertise to perform services required under the Agreement. McCabe Weisberg also agreed to exercise due diligence and reasonable care in performing legal services under the Agreement.

9. Nationstar relied on McCabe Weisberg's professional and independent judgment and discretion in prosecuting foreclosure actions.

—FORECLOSURE ACTION—

10. Under the Agreement, Nationstar retained McCabe Weisberg to represent it in a mortgage foreclosure action titled *Nationstar Mortgage, LLC v. Gertrude Simmonds, et. al.,* that was pending in Kings County, New York under index number 311112/2009 (the "**Foreclosure Action**") to foreclose Ms. Simmonds' mortgage with an unpaid principal balance of $501,692.96.

11. Gertrude Simmonds defaulted in appearing, and Nationstar in February 2010 moved for an ex parte application for an order of reference. This motion was withdrawn on or about December 20, 2010.

12. McCabe Weisberg substituted as Nationstar's counsel on December 9, 2011, and filed a new notice of pendency on January 2, 2013.

13. Kings County Supreme Court scheduled a status conference for June 25, 2013. McCabe Weisberg did not appear at the conference, and Justice Johnny Lee Baynes issued a one-page order dismissing the case. The order was entered on August 2, 2013.

14. Although an order dismissing the action had been entered four weeks before, on or about August 30, 2013, McCabe Weisberg submitted an *ex parte* application for an order of reference.

15. An entry in Kings County Supreme Court Clerk minutes deems the order of reference application moot as of May 12, 2014.

16. Nationstar filed a motion to restore and an order of reference on July 29, 2015. Simmonds opposed the motion through counsel Berg & David, PLLC in papers dated January 6, 2016. Simmonds also cross-moved to dismiss the complaint for lack of standing or, in the alternative, to accept a late answer.

17. Nationstar transferred the file to RAS Boriskin, LLC (**RAS Boriskin**) on November 11, 2015, while the motion was pending.

18. The motion and cross-motion were set for argument before Justice Baynes on March 10, 2016. At that time, Justice Baynes informed RAS Boriskin the motion prepared by McCabe Weisberg was inadequate and he would allow it to be withdrawn rather than issue sanctions. The motion was withdrawn.

19. Akerman LLP substituted as counsel for RAS Boriskin on May 27, 2016. Nationstar brought an order to show cause, by way of motion dated September 21, 2017, to vacate the dismissal and restore the Foreclosure Action. That motion was denied by the Hon. Johnny Lee Baynes on December 7, 2016.

20. After receiving an affirmation from McCabe Weisberg attesting to the reasons they failed to appear at the status conference on June 25, 2013, Nationstar filed a motion to renew date January 26, 2017, pursuant to CPLR 2221(e). That motion was denied by the Hon. Johnny Lee Baynes on October 19, 2017.

21. The dismissal of the foreclosure was the culmination of the following negligent acts, which resulted in unnecessary, unsuccessful litigation, loss of ability to recoup monies owed under Simmonds' note, and statute of limitations risk.

— QUIET TITLE ACTION —

22. Ms. Simmonds conveyed title to the property to current owner Rednas Group, LLC, (**Rednas**), by deed dated February 16, 2015.

23. Redas commenced an action on April 5, 2016, titled *Rednas Group, LLC v. Nationstar Mortgage, LLC* that is pending in the Eastern District of New York, No. 1:16-cv-1657-WFK-RLM (the "**Federal Action**") pursuant to REAL PROPERTY ACTIONS AND

43245130;1

PROCEEDINGS LAW (**RPAPL**) § 1501(4) to extinguish Nationstar's mortgage, asserting the statute of limitations had run on Ms. Simmonds' loan, on December 8, 2015.

24. Nationstar moved to stay the Federal Action on February 10, 2017, while a motion to restore was pending in the Foreclosure Action.

25. Rednas moved for summary judgment on their quiet title claim in a motion on March 16, 2017. Nationstar opposed the motion.

26. Both the motion to stay and the summary judgment motion remain pending in the Federal Action as of the date of this Complaint.

27. The dismissal of the foreclosure was the culmination of multiple negligent acts, which has resulted in unnecessary statute of limitations risk.

### COUNT I – PROFESSIONAL NEGLIGENCE / LEGAL MALPRACTICE

28. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint, inclusive, with the same force and effect as if fully set forth herein.

29. An attorney-client relationship existed between McCabe Weisberg and Nationstar at all relevant times with respect to the legal services McCabe Weisberg provided to Nationstar for the Foreclosure Action.

30. McCabe Weisberg owed a duty of reasonable care to Nationstar to prosecute the Foreclosure Action and pursue a final judgment of foreclosure and sale in the Foreclosure Action.

31. McCabe Weisberg had a duty to Nationstar to exercise the degree of care and skill commonly exercised by competent members of the legal community under similar circumstances in providing services to Nationstar and in rendering advice to them.

43245130;1

32. McCabe Weisberg's duties under the Agreement with Nationstar were to foreclose the mortgage and prosecute the validity, enforceability and priority of the mortgage in the Foreclosure Action.

33. McCabe Weisberg breached its duty of care by failing to exercise reasonable care or competence in attempting to foreclose the mortgage in the Foreclosure Action. The breaches include, but are not limited to: **(1)** failing to appear at the June 25, 2013, status conference, and as a result, the action was dismissed; **(2)** failing to timely file a motion to restore the action for failing to appear at the June 25, 2013, conference, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(3)** failing to notify Nationstar the case had been dismissed and repeatedly updating Nationstar that the case was pending throughout late 2013 and 2014. Nationstar was not notified of the dismissal until January 2015, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(4)** McCabe Weisberg prepared a motion to restore the case on the grounds that it was delayed because of attempts to comply with Administrative Order 548-10, which was a legally erroneous ground given the facts of the case. McCabe Weisberg did not realize the case had been dismissed. By moving with inadequate grounds, the Court determined it would not grant the motion and any effort to file a renewed motion to restore was compromised by the false representations made in support of this withdrawn motion; and **(5)** failure to notify Nationstar of the significance of the dismissal, and apprise Nationstar of its options, including re-filing the case prior to the expiration of the statute of limitations, and clarifying the statute of limitations risk it faced if it failed to do so.

34. As a result of McCabe Weisberg's breaches, Nationstar has and will continue to suffer damages, including but not limited to interest, fees and costs.

*WHEREFORE*, Nationstar respectfully requests that the Court enter judgment in its favor awarding it damages, costs, attorney fees, and such other relief this Court deems proper against McCabe Weisberg.

### COUNT II – BREACH OF CONTRACT

35. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint, inclusive, with the same force and effect as if fully set forth herein.

36. A contractual attorney-client relationship existed between McCabe Weisberg and Nationstar at all relevant times with respect to the legal services provided to Nationstar for the Foreclosure Action.

37. Nationstar and McCabe Weisberg entered into a valid contract under the Agreement to perform litigation services, including prosecution of the Foreclosure Action.

38. Under the terms of the Agreement, McCabe Weisberg was required to serve as Nationstar's counsel to foreclosure the mortgage in the Foreclosure Action and to litigate the validity, enforceability and priority of the mortgage on Nationstar's behalf.

39. McCabe Weisberg owed Nationstar a reasonable duty of professional care under the Agreement with respect to the Foreclosure Action, including a duty to comply with all applicable rules, laws, and regulations, including professional and ethical standards.

40. McCabe Weisberg breached the contract. These breached include, but are not limited to: **(1)** failing to appear at the June 25, 2013, status conference, and as a result, the action was dismissed; **(2)** failing to timely file a motion to restore the action for failing to appear at the June 25, 2013, conference, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(3)** failing to notify Nationstar the case had been dismissed and repeatedly updating Nationstar that the case was pending throughout late

43245130;1

2013 and 2014. Nationstar was not notified of the dismissal until January 2015, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(4)** McCabe Weisberg prepared a motion to restore the case on the grounds that it was delayed because of attempts to comply with Administrative Order 548-10, which was a legally erroneous ground given the facts of the case. McCabe Weisberg did not realize the case had been dismissed. By moving with inadequate grounds, the Court determined it would not grant the motion and any effort to file a renewed motion to restore may be compromised by the false representations made in support of this withdrawn motion; and **(5)** failure to notify Nationstar of the significance of the dismissal, and apprise Nationstar of its options, including re-filing the case prior to the expiration of the statute of limitations, and clarifying the statute of limitations risk it faced if it failed to do so.

41. As a result of McCabe Weisberg's breaches, Nationstar has and will continue to suffer damages, including but not limited to interest, fees and costs.

    ***WHEREFORE***, Nationstar respectfully request that the Court enter judgment in its favor awarding it damages, costs, attorney fees, and such other relief this Court deems proper against McCabe Weisberg.

## COUNT III – BREACH OF FIDUCIARY DUTY

42. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, with the same force and effect as if fully set forth herein.

43. An attorney-client relationship existed between McCabe Weisberg and Nationstar at all relevant times with respect to the legal services provided to Nationstar for the Foreclosure Action.

44. As a result of the foregoing attorney-client relationship, a fiduciary relationship existed between McCabe Weisberg and Nationstar. McCabe Weisberg accepted the fiduciary duty to act in the best interest and for the benefit of Nationstar.

45. McCabe Weisberg breached its fiduciary duty to Nationstar. These breached include, but are not limited to: **(1)** failing to appear at the June 25, 2013, status conference, and as a result, the action was dismissed; **(2)** failing to timely file a motion to restore the action for failing to appear at the June 25, 2013, conference, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(3)** failing to notify Nationstar the case had been dismissed and repeatedly updating Nationstar that the case was pending throughout late 2013 and 2014. Nationstar was not notified of the dismissal until January 2015, subjecting the mortgage to potentially being extinguished as barred by the statute of limitations; **(4)** McCabe Weisberg prepared a motion to restore the case on the grounds that it was delayed because of attempts to comply with Administrative Order 548-10, which was a legally erroneous ground given the facts of the case. McCabe Weisberg did not realize the case had been dismissed. By moving with inadequate grounds, the Court determined it would not grant the motion and any effort to file a renewed motion to restore may be compromised by the false representations made in support of this withdrawn

43245130;1

motion; and (**5**) failure to notify Nationstar of the significance of the dismissal, and apprise Nationstar of its options, including re-filing the case prior to the expiration of the statute of limitations, and clarifying the statute of limitations risk it faced if it failed to do so.

46. As a result of McCabe Weisberg's breaches, Nationstar has and will continue to suffer damages, including but not limited to interest, fees and costs.

*WHEREFORE*, Nationstar respectfully request that the Court enter judgment in its favor awarding it damages, costs, attorney fees, and such other relief this Court deems proper against McCabe Weisberg.

Dated: November 16, 2017

**AKERMAN LLP**

By: _____
Joseph M. DeFazio
Jordan M. Smith
666 Fifth Avenue, 20th Floor
New York, New York 10103
(212) 880-3800
Email: joseph.defazio@akerman.com
          jordan.smith@akerman.com

*Attorneys for Plaintiff Nationstar Mortgage, LLC d/b/a Mr. Cooper*

43245130;1